[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Henry Duell, Jr., appeals pursuant to General Statutes 4-133 the decision of the defendant Commissioner of Motor Vehicles (Commissioner) to suspend the plaintiff's driver's license pursuant to General Statutes 14-227b.
On June 6, 1991, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor. The arresting officer, acting on behalf of the Commissioner, revoked and took possession of the plaintiff's driver's license and issued him a temporary license. The officer took this action because the plaintiff failed a chemical test which was administered to measure his blood alcohol level.
The administrative hearing pursuant to General Statutes14-227b was held on June 27, 1991. The plaintiff appeared and was represented by counsel. By decision dated June 28, 1991, the hearing officer, acting in behalf of the Commissioner, set forth his findings of fact and conclusions of law, and upheld the suspension of the plaintiff's license for ninety days. The basis of the suspension was section 14-2271b, which provides that the Commissioner shall suspend for ninety days the license of anyone who has been arrested for driving under the influence and whose chemical test results indicated that at the time such person was operating the motor vehicle his or her blood alcohol level exceeded the statutory limit.
Section 14-227b(f) provides, in relevant part, as follows:
 The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor: (2) was such person placed under arrest; (3) . . . did such person submit to such test or CT Page 124 analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle.
If, after the hearing, the hearing officer finds on any one of these issues in the negative, the Commissioner must reinstate the license or operating privilege. In this case, the hearing officer found all of the issues in the affirmative.
The court finds that the Commissioner's decision adversely affected a specific personal and legal interest of the plaintiff, his right to operate motor vehicle, and concludes, therefore, that he is aggrieved by that decision within the meaning of section 4-183 (a) of the General Statutes. In his brief and at oral argument, the plaintiff has advanced three grounds for his appeal, as follows:
 1. The evidence admitted at the administrative hearing was not sufficient to support the hearing officer's finding that the plaintiff's blood alcohol level exceeded the legal limit at the time he was operating his vehicle.
 2. The evidence was not sufficient to support the finding that there was probable cause for the plaintiff's arrest on the drunk driving charge.
 3. The hearing officer's decision constituted a denial of due process because it was based in part on a departmental directive to the hearing officer rather than on evidence and testimony introduced at the hearing.
Certain essential facts are undisputed. The only evidence at the hearing and in the record which was offered to prove the state's case was the police officer's "Refusal or Failure Report A-44" and two computer printouts showing the results of the intoximeter tests administered to the plaintiff. As it concern's the plaintiff's operation of the motor vehicle, the police officer's A-44 report reads, in its entirety, as follows:
Time of Detection Date of Detection Location of Detection 0116 6-6-91 Blatchley Av. Clay St, New Haven
 Concerned citizen told me a drunk driver backed into the side of a building across from "Lou's Lounge" CT Page 125 at Blatchley — Clay St.
Describe How Vehicle Operation Was Determined.
 Three persons at scene told us he was driving but refused to give their names and he told us he was driving and someone hit him from behind.
Time of Apprehension Date of Apprehension Location of Apprehension 0116 6-6-91 Blatchley Av. Clay St, New Haven
 Observed him pushing his vehicle down Clay St. away from scene. The tailgate of his truck was laying against the building.
The plaintiff argues that this evidence is not sufficient to support a finding that there was probable cause to arrest the plaintiff on the charge of operating a motor vehicle under the influence of intoxicating liquor or a finding that at the time of operation the plaintiff's blood alcohol level exceeded the legal limit. The court agrees.
The offense of operating under the influence is defined, in relevant part, in General Statutes 14-27a(a) as follows:
 A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property. . . .
The defendant commissioner conceded during oral argument on this appeal that the plaintiff was not "operating a motor vehicle" within the meaning of the statute when he was apprehended while pushing the vehicle down Clay Street. And the other statements in the A-44 report do not indicate that the plaintiff was operating the vehicle on a public highway, or a chapter 105 road, on a private road where a statutory speed limit has been established, in a parking area for ten or more cars, or on any school property. The mere fact that he backed the vehicle into a building does not imply that he was operating it in one of the areas prohibited by the statute. The statement that "he told us he was driving and someone hit him from behind" is similarly uninformative. In short, there was no evidence CT Page 126 upon which the hearing officer could base a finding of probable cause to believe that the plaintiff was operating a motor vehicle in an area covered by the applicable statute.
Another element of the offense, as defined in section14-227a(a), is that the accused was operating the motor vehicle "while" he was under the influence of alcohol or "while" his blood alcohol level exceeded the legal limit. In this case, even if there were evidence that the plaintiff was operating the vehicle in a public area, there is no evidence as to when he was so operating. The only time shown on the A-44 report is 1:16 A.M., and that was the time when the police apprehended him. At that time, the commissioner concedes, he was not operating the vehicle. None of the other statements in the report indicates when, if ever, the plaintiff was operating in a public area. Since there was no evidence to indicate when the plaintiff was operating the vehicle, there could be no probable cause to believe that he was drunk when doing so.
The lack of evidence as to the time when the plaintiff was allegedly operating the vehicle in a proscribed area also negates the hearing officer's finding with respect to the blood alcohol level and the operation of the vehicle. As indicated above, the hearing officer found that the results of the chemical test "indicated that at the time of the alleged offense" the plaintiff's blood alcohol level exceeded the legal limit. The evidence showed that the tests were administered at 2:55 A.M. and 3:36 A.M. while the plaintiff was in the custody of the police, one hour and thirty-nine minutes after he was apprehended (when he was not operating). In order for the hearing officer to find that those tests were indicative of the plaintiff's blood alcohol level during some time period in the past, however, it was necessary at a minimum that the hearing officer know what that time period was. Lacking that critical fact, the hearing officer could not make the finding that he did.
All of the reasons discussed above for holding that the finding of probable cause was erroneous also negate the finding that "such person (was) operating the motor vehicle" as required by section 14-227b(f)(4).
In summary, the hearing officer's findings, on which the Commissioner's decision was based, were clearly erroneous in view of the substantial evidence on the whole record. Pursuant to General Statutes 4-183 (f)(5), the plaintiff's appeal must be sustained on that basis. For that reason, it is unnecessary to consider the plaintiff's due process arguments.
The appeal is sustained. CT Page 127
Maloney, J.